UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv1

| | |
|---|---|
| JAMES R. HANEY SR. </br>  Plaintiff, </br> </br> v. </br> </br> MILES HELMS, et al. </br>  Defendants. | ) </br> ) </br> ) </br> )     O R D E R </br> ) </br> ) </br> ) </br> ) |

**THIS MATTER** is before the Court on a Motion to Dismiss filed by Defendants Jane Doe #1, John Does #2-4, and the State of North Carolina (collectively "state defendants") on May 9, 2007. (Doc. No. 5). Haney, proceeding pro se and in forma pauperis (Doc. No. 3: Order), has not responded. For the reasons stated below, the state defendants' Motion to Dismiss will be granted.

I.  BACKGROUND[1]

Haney was arrested on state charges in Union County, North Carolina, on March 28, 2006. That afternoon, Union County Sheriff's Office employee "Yow" (John Doe #5) had an ex parte meeting with a magistrate judge (Jane Doe #1) before Haney's hearing. On March 31, 2006, Haney appeared before a North Carolina district judge in Union County (John Doe #2), who did not set a probable cause hearing within 15 working days.

In an effort to obtain a hearing, Haney wrote letters to the court, filed a motion that was served on the district attorney (John Doe #3) and an assistant district attorney (John Doe #4), and

---

[1]For purposes of this Order, the facts in the complaint are assumed true. See Secretary of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (court must accept factual allegations as true, but not legal conclusions).

1

spoke to his appointed attorney Miles Helms. Helms informed Haney that his case was not important enough to have a hearing. The district attorney and his assistant conspired with other defendants to violate Haney's rights.

Additionally, Union County Sheriff's Office employee Jeff Haney threatened Plaintiff Haney saying he would make sure Plaintiff Haney would not get out of jail if he did not stop filing motions, go back in his cell, and shut his mouth. Jeff Haney also had the medical department of the jail stop all medical treatment of Plaintiff Haney.

Haney was released from custody on June 5, 2006. He filed the instant lawsuit on December 29, 2006, seeking money damages, a stay of related state court proceedings, and other relief.

II.     LEGAL DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement" showing that a plaintiff is entitled to relief and giving a defendant fair notice of the claim. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2006). The factual allegations in the complaint are taken as true. Id. at 1965; Smith v. Frye, 488 F.3d 263, 266 (4th Cir. 2007). Thus, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Teachers' Retirement System Of LA v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). Considering the instant complaint, the Court is mindful the latitude given to pleadings prepared by pro se civil rights plaintiffs. See Cox v. City of Charleston, SC, 416 F.3d 281, 288 (4th Cir. 2005) (affording leeway to pro se litigant).

Although 42 U.S.C. § 1983 is not specifically referenced in the complaint, the Court will construe this action under that statute because Haney seeks money damages and other relief for

alleged unconstitutional treatment by state officials.[2] See Heck v. Humphrey, 512 U.S. 477, 480-82 (1994) (comparing § 1983 and habeas corpus actions). In Heck, the Supreme Court held

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87. The Supreme Court affirmed a district court's dismissal of a complaint without prejudice where a plaintiff sought money damages for a conviction that state courts had affirmed and from which federal courts had denied habeas relief. Id. at 479-80; accord Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006).

Applying that rule to the instant matter requires a similar result because Haney has not alleged any facts consistent with the allegations in the complaint which would entitle him to relief against the state defendants and Helms. Haney's request that this Court bar further action in the state case indicates that he has not yet been convicted. (Doc. No. 1: Complaint at 5-6). Regardless, construing the complaint liberally and assuming he has been convicted, the Court finds that Haney has not met the requirement in Heck and Michau to show that the allegedly unconstitutional conviction has been invalidated.

---

[2]Attorney Helms has not been served with the complaint based on a bad address. (Doc. No. 9: Return of Service). Haney faults Helms for his alleged complicity with the state defendants in failing to give him a preliminary hearing. (Doc. No. 1: Complaint at 5-6). Assuming without deciding that attorney Helms was a state official based on his appointed representation, but see Polk County v. Dodson, 454 U.S. 312 (1981) (public defender not liable under § 1983 for performing lawyer's traditional functions), the Court will exercise its authority to dismiss the claim against him under 28 U.S.C. § 1915(e)(2)(B)(ii), Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (recognizing authority to dismiss sua sponte).

3

III.     CONCLUSION

Haney has not stated a claim against the state defendants and Helms upon which relief can be granted because his complaint fails to allege that the conviction resulting from their actions has been invalidated by a state court or called into question by a federal court.[3]

**IT IS, THEREFORE, ORDERED** that complaint (Doc. No. 1) is **DISMISSED** without prejudice as to Jane Doe #1, John Does #2-4, and Miles Helms.

Signed: November 16, 2007

Robert J. Conrad, Jr.
Chief United States District Judge

---

[3] Having dismissed the complaint against the state defendants pursuant to Rule 12(b)(6), it is not necessary to address the other grounds for dismissal raised in the Motion to Dismiss.